IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DENISE PARKER, INDIVIDUALLY AND**        **PLAINTIFF**
**AS PERSONAL REPRESENTATIVE OF**
**THE DECEDENT, AUSTIN PARKER,**
**FOR AND ON BEHALF OF ALL**
**WRONGFUL DEATH BENEFICIARIES**
**AND AS ADMINISTRATRIX OF THE**
**ESTATE OF AUSTIN PARKER**

**v.**        **CIVIL ACTION NO:3:25-cv-00139-KHJ-ASH**

**KEMPER COUNTY, MISSISSIPPI;**
**SHERIFF JAMES MOORE, INDIVIDUALLY**
**AND IN HIS OFFICIAL CAPACITY AS**
**SHERIFF OF KEMPER COUNTY, MISSISSIPPI;**
**SERGEANT JONATHAN LUDGOOD,**
**INDIVIDUALLY AND IN HIS OFFICIAL**
**CAPACITY; LIEUTENANT CORDERO BOBO,**
**INDIVIDUALLY AND IN HIS OFFICIAL**
**CAPACITY; CORRECTIONAL OFFICER**
**SHANTEKA NEEDOM, INDIVIDUALLY**
**AND IN HER OFFICIAL CAPACITY;**
**CORRECTIONAL OFFICER SOPHIA DUNBAR,**
**INDIVIDUALLY AND IN HER OFFICIAL**
**CAPACITY; CAPTAIN RASHENIA HILL,**
**INDIVIDUALLY AND IN HER OFFICIAL CAPACITY;**
**WARDEN MARQUICE COLLINS, INDIVIDUALLY**
**AND IN HIS OFFICIAL CAPACITY;**
**AND JOHN AND JANE DOES 1-25**        **DEFENDANTS**

## ANSWER AND AFFIRMATIVE DEFENSES

**COME NOW, DEFENDANTS**, Sergeant Jonathan Ludgood, Individually and in His Official Capacity; Lieutenant Cordero Bobo, Individually and in His Official Capacity; Correctional Officer Shanteka Needom, Individually and in Her Official Capacity; and Correctional Officer Sophia Dunbar, Individually and in Her Official Capacity, by and through Counsel, and respectfully file this their Answer and Affirmative Defenses to the Plaintiff's Complaint, to-wit:

## FIRST AFFIRMATIVE DEFENSE

*(Motion to Dismiss - §1983 Claim)*

The Complaint fails to state a cause of action as to these Defendants for which relief may be granted, including, but not limited to, the defense of qualified immunity as to the individual Defendants herein, named and/or unnamed. Therefore, the same should be dismissed pursuant to *Fed. R. Civ. P.* 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

*(Motion to Dismiss State Law Claims)*

To the extent that Plaintiff alleges any claims under state law against these individual defendants, they are barred under the provisions of the Mississippi Tort Claims Act, *Miss. Code Ann.* §11-46-1 (Supp. 1997), *et seq*. Specifically, Plaintiff's Complaint fails to state a claim under state law upon which relief can be granted as to these Defendants under the provisions of the Mississippi Tort Claims Act, as no claim under state law is available against a governmental entity or its employees for either: (1) negligence by its sworn law enforcement officers; (2) failure to train, supervise or discipline law enforcement officers; or, (3) for an injury to a person who was a detainee at the time of an alleged injury. *Miss. Code Ann.* §11-46-9(1)(b),(c),(d),(e),(f),(h),(m) (Supp. 1997). Additionally, to the extent those claims are asserted, Plaintiff's claims must be dismissed, because Plaintiff failed to provide a pre-suit notice of claim as required by *Miss. Code Ann*. §11-46-11. Even if Plaintiff had complied with the pre-suit notice of claim requirements, under the MTCA, Plaintiff's claims against the individual defendants must still be dismissed, because as an employee of a governmental entity, they cannot "be held personally liable for acts or omissions occurring within the course and scope of the employee's duties." *Miss. Code Ann*. §11-46-7(2).

## THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted against any Defendant.

## FOURTH AFFIRMATIVE DEFENSE

The conduct of Plaintiff's Decedent was the sole proximate cause of the incidents forming the basis of this lawsuit and his own alleged injuries and damages; alternately, the conduct of Plaintiff's Decedent was a contributing proximate cause of the incidents forming the basis of this lawsuit and his own alleged injuries and/or damages. Furthermore, these Defendants assert the protections of the Mississippi Apportionment Statute, *Miss. Code Ann.* §85-5-7 (Supp 2003).

## FIFTH AFFIRMATIVE DEFENSE

The individual Defendants are entitled to qualified immunity from Plaintiff's claims against them. These Defendants were public officials in the course of their duties during the incident forming the basis of this lawsuit. These Defendants did not engage in any conduct which deprived the Plaintiff or decedent Austin Parker of any right, privilege, or immunity protected by the Constitution or Laws of the United States. Additionally, the conduct of these Defendants was objectively reasonable in light of clearly established law at the time of their actions in this matter. These Defendants' actions were justified and arguably justifiable in light of the information they possessed and clearly established law. As such, a reasonable officer could have believed their actions lawful during the incident forming the basis of this lawsuit.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff did not exhaust her pre-suit remedies or obligations for some or all of her allegations, claims, or theories, those allegations, claims, or theories may not be pursued in this action.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims are barred by the doctrines of collateral, equitable, and/or judicial estoppel and/or res judicata.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's failure to allege violation of any duty by Defendants bars this cause of action.

## NINTH AFFIRMATIVE DEFENSE

To the extent that any personnel acting within the course and scope of their employment with Kemper County are alleged to be involved in or responsible for the custody, safety, protection, supervision, or care of Plaintiff's decedent at any time, such conduct was at all times objectively reasonable and consistent with clearly established law, and for that reason, Plaintiff's claims are barred.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's decedent's cause of death (death via ingestion of drugs prior to arrest, but unknown at the time by the arresting officers, jailors, and/or any named or unnamed Defendants) does not allow for a cognizable wrongful death claim. No action or omission by these Defendants were the sole proximate cause of, or in the alternative, the proximate contributing cause of the injuries experienced by Plaintiff's decedent but said injuries, if any, were caused solely or contributory by causes and/or circumstances, conditions, or causes not related to these Defendants which may be proven at the trial of this cause so that these Defendants are not liable to Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of independent, intervening cause and/or efficient superseding cause.

**TWELFTH AFFIRMATIVE DEFENSE**

At no time did any governmental actor breach any duty that was ministerial in nature, causing any legally cognizable harm to Plaintiff's Decedent, and for that reason, Plaintiff's claims are barred.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendants plead after-acquired evidence.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Answering Defendants reserve the right to assert any defenses that discovery may reveal are appropriate and incorporate herewith by reference any affirmative defenses invoked by any other defendant applicable to them.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Answering Defendants plead all statutory damage caps, including those applicable to requests for compensatory and punitive damages. Answering Defendants affirmatively plead that an award of punitive damages would amount to a violation of the United States and Mississippi Constitutions.

**SIXTEENTH AFFIRMATIVE DEFENSE**

These Defendants are not responsible for any condition of the Plaintiff's Decedent that pre-existed the events which made the basis of this Complaint.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Punitive damages are not cognizable against these Defendants. These Defendants further invoke the safeguards of the Equal Protection and Due Process clauses of the United States Constitution, Article 3, Section 14 of the Mississippi Constitution and the provisions of *Miss. Code Ann.* §§11-1-65 and 11-46-15 (2) (1993).

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The instant federal claims which address delayed medical care require analysis under the Eighth or Fourteenth Amendments from the perspective of an episodic claim of injury, rather than a general challenge to conditions of confinement. As such, the Plaintiff's Complaint fails to state a claim upon which relief can be granted by reason of the fact that none of the individuals involved had subjective knowledge of a substantial risk of serious harm nor any other actual, threatened, or imminent constitutional violation with regard to the safety and medical care of Plaintiff's Decedent, nor did any such individual act with deliberate and conscious indifference to the Plaintiff's Decedent.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state facts against these Defendants which would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi. These Defendants' actions at all times were in compliance with and in furtherance of compelling state interests, proper correctional procedures, and done in good faith.

**TWENTIETH AFFIRMATIVE DEFENSE**

Suit against an employee in his or her official capacity is the same as suit against a county. As Kemper County has been sued in this action, suing these defendants in their official capacity is duplicative, and these claims should be dismissed.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, should be reduced to the extent they failed to mitigate their own damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

**AND, NOW,** having asserted their affirmative defenses to the Complaint filed herein, and without waiving any such defenses, these Defendants answer the allegations of Plaintiff's Complaint, paragraph by paragraph, as follows:

## PARTIES

1. These Defendants are without information to admit or deny the allegations in this paragraph and so deny the same.

2. Admitted.

3. The allegations in this paragraph do not appear to be addressed to these Defendants. To the extent that they are, these Defendants admit that Sheriff James Moore is the Sheriff of Kemper County but deny the remainder of the allegations.

4. These Defendants deny that Defendant Sergeant Ludgood should have been sued in his official capacity, as Kemper County is already a party to this action. All other allegations are admitted.

5. These Defendants deny that Defendant Lieutenant Bobo should have been sued in his official capacity, as Kemper County is already a party to this action. All other allegations are admitted.

6. These Defendants deny that Defendant Officer Needom should have been sued in her official capacity, as Kemper County is already a party to this action. All other allegations are admitted.

7. These Defendants deny that Defendant Officer Dunbar should have been sued in her official capacity, as Kemper County is already a party to this action. All other allegations are admitted.

8. Paragraph 8 of the Complaint does not appear to pertain to these Defendants. To the extent that it does, these Defendants are without information to admit or deny these allegations and so deny the same.

9. Paragraph 9 of the Complaint does not appear to pertain to these Defendants. To the extent that it does, these Defendants admit that Defendant Marquice Collins was the Warden of KNRCF but are without information to admit or deny the remainder of the allegations and so deny the same.

10. These Defendants have no information to ascertain the truth or falsity of paragraph 10 of the Complaint and therefore deny same.

## JURISDICTION

12.[1] This is a statement of law, not a factual allegation, therefore it requires no response from these Defendants. To the extent that it does, these Defendants deny that any actions arise under the Eighth Amendment but admit that this Court has jurisdiction.

13. This is a statement of law, not a factual allegation, therefore it requires no response from these Defendants. To the extent that it does, these Defendants admit that venue is proper.

## FACTS

14. These Defendants have no information to ascertain the truth or falsity of paragraph 15 and therefore deny same.

15. Admitted that Parker was pulled over for running a red light and had no driver's license. Admitted that once he was pulled over, it was discovered that he had an active warrant. *See* Ex. "A" statement from SPO Watts. This time, Parker had an outstanding warrant for

---

[1] The Complaint skips paragraph number 11. This Answer does as well for the ease of the Court.

contempt of court, however, Parker had many prior run ins with the law. *See* Ex. "B" Parker arrest file.

16. Admitted that when Parker was booked into the jail, he was not acting out of the ordinary. Admitted that the video speaks for itself. *See also* Ex. "A" statement from SPO Watts.

17. Admitted.

18. Admitted.

19. Denied as stated.

20. Admitted that the video is attached to the Complaint. Any other allegations are denied.

21. Admitted that it was learned after Parker died that he told inmates that he had ingested two (2) grams of "ice" to avoid it being found by MPD. Denied that this information was provided to any of these answering Defendants prior to Parker's death.

22. These Defendants deny Plaintiff's characterization of the video. The video speaks for itself.

23. These Defendants deny Plaintiff's characterization of the video. The video speaks for itself.

24. These Defendants deny Plaintiff's characterization of the video. The video speaks for itself.

25. These Defendants deny Plaintiff's characterization of the video. The video speaks for itself.

26. These Defendants deny Plaintiff's characterization of the video. The video speaks for itself.

27. These Defendants deny Plaintiff's characterization of the video. The video speaks for itself.

28. It is admitted that an inmate pushed a button to call for jailers. All other allegations in this paragraph are denied.

29. It is admitted that Defendant Sergeant Ludgood was the first person to enter Dorm 4. All other allegations are denied.

30. These Defendants deny Plaintiff's characterization of the video. The video speaks for itself.

31. These Defendants deny Plaintiff's characterization of the video. The video speaks for itself.

32. These Defendants deny Plaintiff's characterization of the video. The video speaks for itself.

33. It is admitted that Sergeant Ludgood and Lieutenant Bobo removed Parker from Dorm 4 and placed him in Cell Number 303. It is also admitted that this cell has video surveillance. All other allegations are denied.

34. Denied.

35. It is admitted that the video recording is attached to the Complaint and speaks for itself. All other allegations are denied.

36. Denied.

37. These Defendants deny Plaintiff's characterization of the video. The video speaks for itself.

38. These Defendants deny Plaintiff's characterization of the video. The video speaks for itself.

10

39. These Defendants deny Plaintiff's characterization of the video. The video speaks for itself.

40. These Defendants deny Plaintiff's characterization of the video. The video speaks for itself.

41. These Defendants deny Plaintiff's characterization of the video. The video speaks for itself.

42. These Defendants deny Plaintiff's characterization of the video. The video speaks for itself.

43. These Defendants deny Plaintiff's characterization of the video. The video speaks for itself.

44. These Defendants deny Plaintiff's characterization of the video. The video speaks for itself.

45. These Defendants deny Plaintiff's characterization of the video. The video speaks for itself.

46. These Defendants deny Plaintiff's characterization of the video. The video speaks for itself.

47. These Defendants deny Plaintiff's characterization of the video. The video speaks for itself.

48. These Defendants deny Plaintiff's characterization of the video. The video speaks for itself.

49. These Defendants deny Plaintiff's characterization of the video. The video speaks for itself.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Admitted.

56. Denied. EMS was called.

57. Admitted that EMS was called. Admitted that EMS attempted to revive Parker. Admitted that they were unsuccessful. All other allegations are denied.

58. Denied as stated.

59. Admitted that the Sheriff, Warden, and Captain were contacted.

60. Denied.

61. Denied.

62. Denied.

## CAUSES OF ACTION
### COUNT I
*Monell* **Claims Under 42 U.S.C. §1983**

63. These Defendants incorporate by reference their prior responses as if fully set forth herein and adopt same by reference.

64. Admitted.

65. The allegations in this paragraph are not directed at these Defendants, and as such, no response is required from them. To the extent one is, these Defendants are without information to admit or deny them, so these allegations are denied.

66. The allegations in this paragraph are not directed at these Defendants, and as such, no response is required from them. To the extent one is, these Defendants are without information to admit or deny them, so these allegations are denied.

67. The allegations in this paragraph are not directed at these Defendants, and as such, no response is required from them. To the extent one is, these Defendants are without information to admit or deny them, so these allegations are denied.

68. The allegations in this paragraph are not directed at these Defendants, and as such, no response is required from them. To the extent one is, these Defendants are without information to admit or deny them, so these allegations are denied.

69. The allegations in this paragraph are not directed at these Defendants, and as such, no response is required from them. To the extent one is, these Defendants are without information to admit or deny them, so these allegations are denied.

<u>**COUNT II**</u>
**Failure to Render Medical Care to a Detainee-**
**Violation of the Fourteenth Amendment Under 42 U.S.C. §1983**

70. These Defendants incorporate by reference their prior responses as if fully set forth herein and adopt same by reference.

71. Admitted.

72. Admitted that Parker was a pre-trial detainee. All other allegations are denied.

73. This is a legal statement and not a factual allegation, therefore no response is required from these Defendants, but, to the extent that one is, this paragraph is denied as stated.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

## COUNT III
### Failure to Render Medical Aid to a Prisoner- Violation of the Eighth Amendment Under 42 U.S.C. §1983

80. These Defendants incorporate by reference their prior responses as if fully set forth herein and adopt same by reference.

81. Denied that Parker was a convicted prisoner.

82. Admitted.

83. This is a legal statement and not a factual allegation, therefore no response is required from these Defendants, but, to the extent that one is, this paragraph is denied as stated.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

## PRAYER FOR RELIEF

Responding to the unnumbered paragraph, beginning with the language, "WHEREFORE" these Defendants specifically deny that Plaintiff is entitled to a judgment against them and further deny any of the relief requested.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

**AND NOW, HAVING FULLY ANSWERED** and asserted their Affirmative Defenses, the answering Defendants pray that this Court grant the following relief:

(A) That this Court dismiss Plaintiff's Complaint with prejudice, based upon each and all of the aforesaid Affirmative Defenses; and

(B) That this Court deny Plaintiff the relief prayed for in Plaintiff's prayer for relief, and that Plaintiff be denied any relief whatsoever.

**RESPECTFULLY SUBMITTED** this the 30th day of May, 2025.

                **JACKS GRIFFITH LUCIANO, P.A.**

                By: /s/ *Arnold U. Luciano*
                    Arnold U. Luciano, MS Bar No. 99198
                    Daniel J. Griffith, MS Bar No. 8366
                    Attorneys for Defendants Sergeant Jonathan Ludgood, Lieutenant Cordero Bobo, Correctional Officer Shanteka Needom, and Correctional Officer Sophia Dunbar

Of Counsel:

JACKS GRIFFITH LUCIANO, P.A.
150 North Sharpe Avenue
P. O. Box 1209
Cleveland, MS 38732
Telephone: 662-843-6171
Facsimile: 662-843-6176
Email: aluciano@jlpalaw.com
       dgriffith@jlpalaw.com

## **CERTIFICATE OF SERVICE**

      I, Arnold U. Luciano, attorney of record for Defendants Sergeant Jonathan Ludgood, Lieutenant Cordero Bobo, Correctional Officer Shanteka Needom, and Correctional Officer Sophia Dunbar, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Answer and Affirmative Defenses* to be delivered by the ECF Filing System which gave notice to the following:

J. Cliff Johnson, II, Esq.
MacArthur Justice Center
University of Mississippi School of Law
481 Chucky Mullins Dr., Room 3015
University, MS 38677
Telephone: 662-915-6823
Fax: 662-915-7731
Email: cliff.johnson@macarthurjustice.org
**Attorney for Plaintiff**

J. Matthew Eichelberger, Esq.
Madeline M. Iles, Esq.
EICHELBERGER LAW FIRM, PLLC
1640 Lelia Drive, Suite 120
Jackson, MS 39216
Telephone: 601-292-7940
Fax: 601-510-9103
Email: matt@ike-law.com
       madeline@ike-law.com
**Attorneys for Plaintiff**

William R. Allen, Esq.
Lance W. Martin, Esq.
Butler Snow, LLP
1020 Highland Colony Parkway, Suite 1400 Ridgeland, MS 39157
P.O. Box 6010
Ridgeland, MS 39158-6010
Telephone:601-948-5711
Fax: 601-948-4500
Email: Will.Allen@butlersnow.com
       Lance.martin@butlersnow.com
**Attorneys for Defendants Kemper County, Mississippi, Sheriff James Moore, Captain Rashenia Hill, & Warden Marquice Collins**

**DATED** this 30th day of May, 2025.

                                                /s/ *Arnold U. Luciano*
                                                Arnold U. Luciano